IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Giovanni Lara,
Petitioner

1:95CR00075-008ML

v.

CA 00-00554ML

United States of America,
Respondant

**PETITIONERS REPLY MEMORANDUM IN SUPPORT OF PETITION FOR ERROR CORAM NOBIS PURSUANT TO 28 U.S.C. §1651**

Now comes, Giovanni Lara, (Hereinafter "Petitioner") proceeding Pro-SE in the above entitled action submitts this reply to the governments objection to petition for Error Coram Nobis 28 U.S.C.§1651. For the following reasons, the petitioner moves this Honoralbe court to deny the governments objection and grant the petitioners §1651.

## PRELIMINARY STATEMENTS

In this reply, the petitioner address only those pionts raised by the government that were not sufficiently anticipated in his §1651 motion and those pionts that requier additional clarification or explination.

**ARGUEMENT**

(A) The government Contends that the petitioner can not litigate his issuse via Writ for Error Coram Nobis. What the governemnt fails to relize is that the basis of the petitioners claims are a direct challenge to the non costodial asspects of his sentence. See Kaminiski v. United States,339 F.3d 84 (2nd Cir 2003) Where the stated that the potential availibilty of Coram Nobis means that the petitioner in custody is not disfavored.This is so because the fact of his custody no more precludes his challenge to non custodial elements of his sentence through Coram Nobis (when the Writ would otherwise be available) than does the fact of his custody permit him to challenge those non-custodial elements through Habeas. Also See United States v. Mishler,787 f2.d (7th Cir. 1986) where the court allowed a Pro-Se petitioner to argue his restitution order via Coram Nobis and vacated and remended his sentence.

In fact the very essense of an extrodanary Writ is for litigation of merites arguements that could not be raised elesewere. See Kaminiski,(where the court stated to say that habeas challenges are restricted to those situations in which freedom from custody is at stake is not to for close other colateral attacks in some cases where lesser intrests are involved). citing Barnicel v. United States,113 f.3d 704,706 (7th Cir 1997) noting that the courts decieion that §2255 does not permit challenges to restitution orders "does not leave the deserving petitioner entirely without recourse" because a Writ for Error Coram Nobis Could be used.

(B). Next the government argues that the petitioner was sentenced under the correct statute, and that retroactive aplication of the MVRA does not violate the Ex-Post-Facto-Clause.

The majority of federal courts who have considered this issue have held the retroactive aplication of the MVRA violates the Ex-Post-Facto-Clause. See United States v. Richards,204 f.3d 177,213 (5th Cir.2000) (Holding that application of the MVRA to an individuals conduct that occuered prior to the passage would violate the Ex-Post-facto-Cluase);United States v. Siegal,153 F.3d 1256, 1260(11th Cir 1998)Same; United States v. Edwards,162 F.3d 87,89-90 (3dr Cir 1998) Same; United States v. Baggatt,125F3d 1319 1321-1322 (9th Cir. 1997) Same; United States v. Thompson,113 F.3d 13-15 n.1 (2nd Cir. 1997) Same; United States v. Rezaq,134 F.3d 1121, 1141 n.13 (D.C. Cir 1998) Same. Also see United States v. Schlte, 264 F.3d 656 (6th Cir. 2001) Where the court held that were an act was comitted prior to the effective date of the MVRA, the retroactive application of the MVRA to th act violates the Ex-Post-Facto-Cluase.

## CONCLUSION

The petitioner is entitled to have his issues litigated under Writ for Error Coram Nobis, Becuase he is only challnging the the non-custodial asspects of his sentence.Next the petitioners right to Ex-Post-Facto-Clause were violated when the court imposed restitution under the wrong statute,the (MVRA), when the offense of conviction occuered prior to the MVRA'S effectine date.Lastly the petitioners counsels failure to request clarification and object to the imposition of restition in the court imposing restitution without making further factual findings requiered under the (VWPA).

For the reasons stated above and in his original petition Writ for Error Coram Nobis the petitioner prays that this Honorable Court Vacates and remends back for resentencing under the correct statute, the (VWPA), make factuual findings as to the amount of restitution the defendants ability to pay such restitution and clarification as to what "Jiontly and Severly" liable means. And any further reliefe this Honorable court deems Appropriate.

Respectfully Submitted,

Giovanni Lara

Giovanni Lara#04227-070
U.S.Penitentiary
P.O.Box 1000
Lewisburg, PA.
17837

**PROOF OF SERVICE**

I hereby certify that a true copy was mailed to United States District Court for the District of Rhode Island 1:Jhon O.Pastore Fed. Build., Two Exchange Terrace, Prov. R.I. 02903, And AUSA Michael P. Iannotti, 4:Fleet Center, 50 Kennedy Plaza, Prov. R.I. 02903 on this 15, day of july 2005.

Giovanni Lara