UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | No. 95-cr-75-08-JJM-PAS |
| GIOVANNI LARA,<br>    Defendant. | ) ) ) | |

ORDER

Giovanni Lara has moved this Court under 18 U.S.C. § 3583(e)(1) to grant him early termination, after almost three years of his five-year period of supervised release. ECF No. 1423. The government objects. ECF No. 1424.

The applicable statute states:

> **(e) Modification of conditions or revocation.** – The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
>
> > **(1)** terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

The Court needs to be satisfied that Mr. Lara's conduct on supervised released is sufficiently positive, and that the interest of justice would be served, for the Court to reduce a period of supervised release.

Mr. Lara sets forth the following in support of his motion:

1. He has "complied with every reporting requirement, condition, and directive of the Probation Office." (ECF No. 1423 at 3).

2. He has maintained employment throughout all his period of supervision. (*Id.* at 3-4).

3. He has job advancement opportunities. (*Id.* at 5).

4. He lives with his elderly mother and provides significant care for her. (*Id.* at 4).

5. His probation officer has expressed positive support for Mr. Lara to the Court.

6. He has significant community support. (ECF Nos. 1423-1; 1423-2, and 1423-3).

7. He completed mental health and substantive abuse assessments and was not recommended for services. (ECF No. 1424 at 4).

8. He has made consistent monthly payments towards his restitution since his release (and that will continue to be collected post supervision).

9. He has had no adverse contact with the law enforcement.

The government, in objecting to the motion, does not contest any of the positive aspects of Mr. Lara's life on supervision, but it asserts that "any reduction could be an affront to the family of the victim, and wholly against the interest of justice." *Id.* at 4.[1]

---

[1] "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)).

Mr. Lara has met the first criteria–that early termination is warranted by his conduct.  Mr. Lara has not only stayed away from any bad behavior, but he has also taken steps to steer his life in a positive direction – e.g., a good job, caring for his mother, substance-free, community engagement.  He has also met the second criteria – the interest of justice.  It does not serve the interest of justice to continue someone on supervised release when they no longer need either the watchful eye of probation, or the supportive services probation offers.  To keep someone on probation beyond the time necessary, wastes probation's limited resources, and takes them away from their excellent work supervising those who still pose a risk, or are still in need of services.

Because Mr. Lara has shown to the Court that his conduct warrants early termination, and because it is in the interest of justice to do so, the Court GRANTS his Motion for Early Termination of Supervised Release.  ECF No. 1423.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*
_____
John J. McConnell, Jr.
Chief Judge
United States District Court


February 25, 2026